IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| OREN DANIEL CARPENTER, | ) ) | Case No. 3:14-cr-03083-MDH-2 |
| Defendant. | ) ) | |
| PSRS/PEERS, | ) ) | |
| Garnishee. | ) ) | |

## ORDER

Before the Court is the Government's writ of garnishment, the Garnishee's answer to the writ, and the Government's objection thereto. No party has requested a hearing on this matter. Accordingly, pursuant to 28 U.S.C. § 3205(c)(7), the Court hereby issues the following disposition order.

## BACKGROUND

Defendant pled guilty to making false and fraudulent statements to the Social Security Administration in violation of 18 U.S.C. § 1001. On March 9, 2015, the Court sentenced Defendant to five years of probation and ordered Defendant to pay $96,711.93 in restitution to the Social Security Administration. The judgment and commitment order specified that restitution was due immediately as a lump sum payment but, if Defendant could not immediately pay the full lump sum, then he could make payments of at least $100 or ten percent of his gross income. The order further stated that "[n]otwithstanding any other provision of this order, the Government may enforce restitution at any time."

1

On July 20, 2015, the Government filed an application for writ of garnishment. The Government stated that it had demanded payment from Defendant on the above-described debt less than thirty days prior to filing the application and that Defendant failed to satisfy the debt. The Government sought to garnish Defendant's retirement account held by The Public Education Employee Retirement System of Missouri ("PEERS").

Upon being served with the writ, Garnishee filed an answer stating that Defendant is a vested member of PEERS and that his accumulated employee contributions/interest total $29,016.24. The Garnishee stated Defendant "may request a refund of said accumulated contributions and interest at any time as long as he does not return to PEERS-covered employment" but "[i]f he does not request a refund of his accumulated contributions, according to current estimates, with no additional PEERS service, [he] would be eligible to receive an age-reduce lifetime monthly retirement benefit as of July 1, 2017[.]"[1] The Garnishee objected to garnishment of Defendant's PEERS retirement/pension account on the basis that Missouri Revised Statutes §§ 169.587 and 169.690 state that public employee retirement benefits are not subject to garnishment.[2]

The Government responded to the Garnishee's answer and argued that the MVRA permits the Government to enforce a restitution order against all property or property rights of

---

[1] The Presentence Investigation Report reveals that Defendant previously worked as a custodian at Nevada R-5 School District but he was terminated from his job after pleading guilty to the instant offense; although Defendant was reportedly a "fabulous custodian" and had no write-ups, his supervisor stated he was not allowed to continue his employment due to the current felony conviction. As of the date of the PSI, Defendant was employed by W.F. Norman as a production worker.

[2] Section 169.587 states: "Any retirement allowance, benefit, funds, property, or rights created by, or accruing to any person under the provisions of this chapter, are hereby made and declared exempt from any tax of the state of Missouri or any political subdivision or taxing body thereof and shall not be subject to execution, garnishment, attachment, writ of sequestration, or any other claim whatsoever and shall be unassignable." Mo. Rev. Stat. § 169.587. Section 169.690 provides: "Neither the funds belonging to the retirement system nor any benefit accrued or accruing to any person under the provisions of sections 169.600 to 169.710 shall be subject to execution, garnishment, attachment or any other process whatsoever, nor shall they be assignable, except in a proceeding instituted for spousal maintenance or child support and as in sections 169.600 to 169.710 specifically provided." Mo. Rev. Stat. § 169.690.

Defendant subject only to certain limited exemptions contained in 18 U.S.C. § 3613(a)(1). The Government argued state law property exemptions are inapplicable to federal garnishment actions per 18 U.S.C. § 3613(a)(2). The Government concluded by requesting an order directing PEERS to turn over all funds held in Defendant's retirement account.

## DISCUSSION

Pursuant to the Mandatory Victims Restitution Act of 1996 "(MVRA"), the United States may enforce an order of restitution in the manner provided for in 18 U.S.C. § 3613. *See* 18 U.S.C. § 3664(m)(1)(A); *see also* 18 U.S.C. § 3613(f). Section 3613 states:

> The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act), a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—
>
> (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;
>
> (2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and
>
> (3) the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law.

18 U.S.C. § 3613(a). As noted by our sister court, "[s]ection 3613(a)(2) specifically states that 28 U.S.C. § 3014, a federal statute generally permitting federal judgment debtors to apply state law property exemptions, is not applicable when the Government enforces a judgment for a criminal fine or restitution." *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1056 (S.D. Iowa 2012). "To the extent [State] law is inconsistent with the FDCPA and MVRA, [State] law is preempted." *United States v. Taylor*, No. 8:12CR82, 2013 WL 5962057, at *3 (D. Neb. Nov. 6, 2013) (quoting *United States v. DeCay*, 620 F.3d 534, 543 (5th Cir. 2010).

3

In accordance with the above statutory scheme, federal courts have held that "the MVRA authorizes the United States to use its civil enforcement powers to garnish a defendant's retirement plan benefits, notwithstanding the fact that pension benefits are generally inalienable under federal and state law." *United States v. DeCay*, 620 F.3d 534, 543 (5th Cir. 2010); *see, e.g., United States v. Souffrant*, 601 F. App'x 883, 885 (11th Cir. 2015); *United States v. Greco*, No. 1:09CR506, 2013 WL 101931, at *2 (N.D. Ohio Jan. 8, 2013), *aff'd* (Feb. 14, 2014); *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1055-56 (S.D. Iowa 2012); *United States v. McClanahan*, No. CRIM. 3:03-00053, 2006 WL 1455698, at *4 (S.D.W. Va. May 24, 2006). Based on the foregoing, the Government's federal writ of garnishment reaches Defendant's PEERS retirement account despite the prohibition stated in Mo. Rev. Stat. §§ 169.587 and 169.690.

The Government asks the Court for an order directing PEERS to turn over all funds held in Defendant's retirement account. Typically, under the MVRA, "periodic payments from a pension or retirement savings plan made in accordance with its terms would be made 'pursuant to' the pension or retirement plan and therefore be subject to the 25% limitation of the CCPA." *See* 18 U.S.C. § 3613(a)(3); 15 U.S.C. §§ 1672-1673; *see generally United States v. Beulke,* 892 F. Supp. 2d 1176, 1183 (D.S.D. 2012); *United States v. Cunningham*, 866 F. Supp. 2d 1050, 1060-61 (S.D. Iowa 2012). However, where, as here, the employee has the option to liquidate his interest in the pension plan and demand an immediate lump sum, courts hold that the Government may properly step into the shoes of Defendant and garnish the corpus of the retirement account. *See United States v. Fussell*, 567 F. App'x 869, 871-72 (11th Cir. 2014); *United States v. DeCay*, 620 F.3d 534, 545 n. 11 (5th Cir. 2010) ("The fact that DeCay possessed the option to either cash-out his retirement account or wait and receive future monthly benefits

4

allows the United States to seek an order compelling the LSPRF to cash-out DeCay's benefits."); *United States v. Novak*, 476 F.3d 1041, 1063-64 (9th Cir. 2007) ("[W]e hold the government can immediately garnish the corpus of a retirement plan to satisfy a MVRA judgment – rather than merely obtain post-retirement payments that otherwise would have gone to the defendant – if, but only if, the terms of the plan allow the defendant to demand a lump sum payment at the present time."); *United States v. Wilker*, No. CR11-0109, 2013 WL 3878737, at *4 (N.D. Iowa July 26, 2013) report and recommendation adopted, No. 11-CR-00109-LRR, 2013 WL 4500657 (N.D. Iowa Aug. 21, 2013); *United States v. Beulke*, 892 F. Supp. 2d 1176, 1182 (D.S.D. 2012) ("Here, the terms of the 401(k) account allow Beulke to withdraw a lump sum from his 401(k) account without Mrs. Beulke's consent. Thus, the Government is entitled to enforce the restitution order against the lump sum that Beulke can withdraw from his account at this time.").

## DECISION

In accordance with the foregoing discussion, it is hereby **ORDERED** that the Garnishee cooperate with the Government in its garnishment, seizure, and liquidation of Defendant's PEERS retirement account and that the entirety of the net proceeds from the retirement account be applied towards Defendant's court-ordered restitution.

**IT IS SO ORDERED**.

Dated: August 12, 2015

           */s/ Douglas Harpool*
           **DOUGLAS HARPOOL**
           **UNITED STATES DISTRICT JUDGE**